**Amadou DIAGNE, Plaintiff–Appellant,**

v.

**NEW YORK LIFE INSURANCE COMPANY, Defendant–Appellee.**

**No. 11–1805–cv.**

United States Court of Appeals, Second Circuit.

July 3, 2012.

Amadou Diagne, New York, NY, Appellant pro se.

Melissa C. Rodriguez, Leni D. Battaglia, Morgan, Lewis & Bockius LLP, New York, NY, for Appellee.

PRESENT: AMALYA L. KEARSE, ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Appellant Amadou Diagne, proceeding pro se, appeals from the district court's grant of summary judgment in favor of Appellee, dismissing his employment discrimination complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and specification of issues for review.

This Court reviews orders granting summary judgment de novo. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). In determining whether there are genuine issues of material fact, the Court must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There is no "genuine" issue, and summary judgment is appropriate, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsu-shita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

After an independent review of the record and relevant case law, we conclude that the district court properly dismissed Diagne's complaint for substantially the same reasons articulated by the magistrate judge in his well-reasoned report and recommendation and by the district court in its well-reasoned decision. We have considered Diagne's arguments on appeal and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.